UNITED STATES of America,
Plaintiff,

v.

Oscar J. PLOTKIN, Defendant.

No. 64–CR–30.

United States District Court
E. D. Wisconsin.

Sept. 11, 1964.

James B. Brennan, U. S. Atty., by William J. Mulligan, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

George Crowley, Chicago, Ill., Martin Price, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

Defendant has been indicted in a 15-count indictment. Count I charges that defendant was an employer required by the Internal Revenue Code to collect, account for, and pay to the District Director, Federal Insurance Contribution Act taxes and Federal income taxes withheld from employees' wages;

That he failed to do so in the manner prescribed by the Code and regulations; that he failed to truthfully account for and pay over and failed to make deposits of moneys withheld and due the United States of America.

Count I charges that on November 28, 1960 he was notified of such failure, as provided in § 7512, Title 26 U.S.C.A. (I.R.C.1954), which notice required him to collect and, not later than two banking days after collection, to deposit said taxes in a separate bank account established by him, to be kept therein until paid over to the Internal Revenue Service; that on or about March 21, 1961 he unlawfully failed to deposit in said separate bank account taxes in the amount of

$259.68 theretofore withheld and collected by him on or about March 18, 1961 from wages then paid to employees, in violation of § 7215, Title 26 U.S.C.A. (I.R.C.1954).

The other counts make similar charges with reference to different periods of time.

Section 7512, Title 26, provides that where there has been failure to pay and said notice has been delivered, the employer is then required to collect and, not later than two banking days after collection, to deposit the taxes in a separate bank account to be kept therein until paid to the I.R.S.

Section 7215, Title 26 U.S.C.A. (I.R.C. 1954) provides that any person who fails to comply with any provisions of § 7512 (b) shall be guilty of a misdemeanor and, upon conviction, be punished as therein set forth.

Among the exceptions set forth in the statute is one providing that any person who shows that there was reasonable doubt as to (1) whether the law required collection of tax, or (2) who was one required by law to collect the tax, shall not be punishable under the statute.

Defendant has made two motions with reference to this indictment: First, to dismiss the indictment on the claim that § 7215, Title 26, is unconstitutional; and, second, that said indictment is duplicitous, contrary to Rule 8, Federal Rules of Criminal Procedure.

As to the claim of unconstitutionality, that is based upon the contention that defendant is given no judicial review prior to being notified by the Internal Revenue Service that he is in default and would be required to open the separate bank account.

■ The cases relied upon by counsel relate to administrative rulings regarding rates and requirements, such as building spur tracks. As opposed to these cases, it is well known that every criminal statute requires a determination by somebody connected with the Government before there is prosecution. The constitutionality is always raisable as a defense. This is well illustrated by one of the cases relied upon by the defendant of Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946), arising under the Selective Service Law. A similar attack was made there upon a criminal conviction for violating an administrative order of the Draft Board. The United States Supreme Court held that the invalidity of the order or the unconstitutionality of the proceedings could always be raised as a defense in the criminal prosecution.

■ In the instant case the defendant could have paid under protest, and sued to recover. In the trial of this action defendant is at liberty to raise the question of constitutionality and have it judicially passed upon. Therefore, the motion based upon the claim of unconstitutionality because of no judicial review in advance of the prosecution is denied.

■ With reference to the claim of duplicity, this is based upon the proposition that under this indictment defendant could be convicted of violating § 7202, Title 26 U.S.C.A. The material parts of that section provide that any person required under this title to collect, account for, and pay over any tax imposed by this title, who *wilfully* fails to collect or truthfully account for and pay over such tax shall be guilty of a felony and punishable as therein provided. (Emphasis supplied.)

In this indictment there is no attempt by the Government to combine two or more offenses. There is nothing in the indictment that charges that the defendant *wilfully* failed to collect the tax or (wilfully) failed to truthfully account for and pay over the tax due.

It is the opinion of the court that a felony conviction could not stand under this indictment. The word "wilfully" applies both to the failure to collect and failure to truthfully account for and pay over. See United States v. Murdock, 290

U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933); United States v. Palermo, 259 F.2d 872 (3rd Cir. 1958). These cases were decided under predecessor statutes that for all material purposes had substantially the same requirements as the one in question.

The motion, based upon alleged duplicity in the indictment, is hereby denied.