**UNITED STATES of America,**
**Plaintiff,**

v.

**Oscar J. PLOTKIN, Defendant.**

**No. 64–CR–30.**

United States District Court
E. D. Wisconsin.

March 22, 1965.

See also 233 F.Supp. 317.

---

James B. Brennan, U. S. Atty., by William J. Mulligan and William M. Coffey, Asst. U. S. Attys., Milwaukee, Wis., for plaintiff.

George D. Crowley, of Crowley, Barnett & Goschi, Chicago, Ill., Martin J. Price, Milwaukee, Wis., of counsel, for defendant.

GRUBB, District Judge.

The defendant, Oscar J. Plotkin, doing business as Modern Fixture Company, is charged in an indictment which alleges fifteen violations of 26 U.S.C.A. § 7215. That section makes it a misdemeanor to fail to comply with the requirement of 26 U.S.C.A. § 7512(b). The requirements of § 7512(b) are applicable only under the conditions set forth in 26 U.S.C.A. § 7512(a) which provides that whenever any person who is required to collect, account for, and pay over any tax imposed by subtitle C or by chapter 33 (of Title 26), fails to do so, and has received a special notice delivered in hand, then such person must comply with § 7512(b). The provisions of § 7512(b) require that such person shall collect all taxes imposed by subtitle C or chapter 33 which becomes collectible after delivery of the special notice, and shall deposit the taxes collected in a separate bank account no later than the second banking day after the taxes were collected.

At the conclusion of the testimony in the court trial of this case, the defendant moved for a judgment of acquittal. Before discussing the grounds for this mo-

tion, it is necessary to summarize the facts as developed by the evidence.

Oscar J. Plotkin began doing business as Modern Fixture Company in March 1959. He filed employer's quarterly federal tax returns for each quarter during the period beginning with the calendar quarter ending June 30, 1959, and terminating with the calendar quarter ending September 30, 1960. In November 1960, he began to file monthly returns and continued to do so for the period relevant to this case. On each of these returns Mr. Plotkin stated a liability for federal income taxes withheld from wages and a liability for Federal Insurance Contributions Act taxes. No remittance was made by or on behalf of defendant with the return filed for the second calendar quarter of 1959. The liability for that quarter was not paid in full until September 1960. No payments were made for the third calendar quarter of 1959 or for the third calendar quarter of 1960.

On December 8, 1959, the Internal Revenue Service sent Mr. Plotkin a letter which stated that he was not complying with the requirements for paying over social security and income taxes withheld from his employees' wages. The letter stated that the provisions of § 7512 of the Internal Revenue Code would be invoked if he persisted in his failure to comply. The basic requirements of § 7512 were set forth in this letter, together with an indication of the possible penalties for failure to comply with those requirements.

On November 23, 1960, a notice to make special deposits of taxes under § 7512(b) was delivered in hand to Mr. Plotkin.

On December 2, 1960, Mr. Plotkin opened an account at the Bank of Commerce in Milwaukee. This account was denominated "Oscar J. Plotkin d/b/a Modern Fixture Company, Trustee, Special Fund in Trust for U. S. under Sec. 7512 I.R.C." Certain deposits and withdrawals were made on this account in December 1960 and January and February 1961.

The indictment charges that deposits were not made in a special account on the second banking day after the taxes were collectible for weekly pay periods from March 21, 1961 until June 27, 1961.

The ledger sheets for the special account established by Plotkin at the Bank of Commerce indicate that no deposits or withdrawals were made on the account from March 1961 through June 1961, inclusive. The balance in the account for that period was $14.78.

A certificate of assessments and payments of the Internal Revenue Service indicates that monthly returns for the months of March 1961 through June 1961 were filed by Oscar J. Plotkin but that payment was not made until May 15, 1962, on the liability reflected on those returns.

On September 15, 1961, a special agent of the Intelligence Division of the Internal Revenue Service visited Mr. Plotkin at his office, and he consented to allow the agent to examine his payroll records. In the course of this examination the agent prepared a transcript from the records showing, for each pay period mentioned in the indictment, the gross amount of employees' wages and the amounts which were deducted therefrom for social security, withholding tax, and other deductions.

In the course of their investigation of this case, the Internal Revenue agents talked with Mr. Plotkin, and he informed them that he understood the requirements of the special notice delivered to him; that he had opened the separate bank account at the Bank of Commerce; and that he did not make the deposits required because he was fighting to keep his business going.

The motion for a judgment of acquittal is based first on the proposition that the government has failed to prove beyond a reasonable doubt that the defendant failed to make the required deposits in *any* bank within the statutory definition. The defendant argues that the government proof is confined to the account at the Bank of Commerce in Milwaukee.

Mrs. Clementine Steffes, the defendant's bookkeeper, testified that Mr. Plotkin told her to open the special account at the Bank of Commerce, the bank nearest to Plotkin's business and the bank with which he had done other business.

When revenue officer Martin interviewed the defendant in August 1961, the defendant told him that the separate account was at the Bank of Commerce and that he had not been making regular deposits in it because he did not have the money.

In September 1961, special agent Dettwiler talked with the defendant, and Mr. Plotkin admitted that he had not complied with the requirements of the special notice; that he had been fighting to keep his business going; and that he did not have the funds to deposit in the bank account.

■ The government has sustained its burden of proof on this aspect of the case.

The second reason urged as a ground for the judgment of acquittal is that the government has failed to prove beyond a reasonable doubt that the failure of the defendant to meet the requirements of § 7512(b) was not due to circumstances beyond his control within the meaning of that exception to § 7215. The relevant provisions of § 7215 read:

"(b) *Exceptions.*—This section shall not apply—

\* \* \* \* \* \*

"(2) to any person, if such person shows that the failure to comply with the provisions of section 7512(b) was due to circumstances beyond his control.

"For purposes of paragraph (2), a lack of funds existing immediately after the payment of wages (whether or not created by the payment of such wages) shall not be considered to be circumstances beyond the control of a person."

Mr. Plotkin claims that he was fighting to keep his business going. Mrs. Steffes, his bookkeeper, testified that it was necessary for him to borrow money repeatedly in order to pay salaries, to pay rent, to pay for electricity, to pay for general expenses, and to pay the Internal Revenue Service. Mr. Plotkin told the two Internal Revenue representatives of his difficulties. If the failure to make the required deposits in the special account was due to a lack of funds, it was immediately after the payment of wages within the meaning of the above-quoted provisions.

The legislative history of §§ 7512 and 7215 demonstrates the meaning of the provision under consideration. That history states that a lack of funds, after payment of wages (but not immediately after) and within the period before which the person was required to deposit the funds, which was due to theft, embezzlement, or destruction of the business by fire, flood, or other casualty would be a lack of funds due to circumstances beyond a person's control. A lack of funds due to the payment of creditors would not be considered a circumstance beyond a person's control. 1958 U.S. Code Cong. and Adm.News, p. 2192.

■ The undisputed evidence in this case is that the defendant had to borrow money on many occasions to meet his liabilities. A lack of funds resulting from taking care of these liabilities is not due to circumstances beyond the defendant's control within the meaning of the statute involved. The government has sustained its burden of proof in regard to this aspect of the case.

The motion for judgment of acquittal is also based on the argument that the statutory provisions upon which this prosecution is founded have denied the defendant due process of law in two respects: Section 7512 provides for an administrative determination without notice and hearing afforded to the person affected, and § 7215 subjects a person to criminal penalties for failure to comply with an administrative determination without providing an opportunity for administrative or judicial review of that determination.

**132**

The cases cited by the defendant in support of these propositions are sufficiently answered by Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, at page 595, 51 S.Ct. 608, at page 611, 75 L.Ed. 1289 (1931):

"The right of the United States to collect its internal revenue by summary administrative proceedings has long been settled. Where, as here, adequate opportunity is afforded for a later judicial determination of the legal rights, summary proceedings to secure prompt performance of pecuniary obligations to the government have been consistently sustained. \* \* \* "

■ There is an adequate opportunity for a judicial determination in the present case. The taxpayer could have paid the taxes under protest and then commenced a suit for a refund.

■ The defendant contends that the opportunity for a judicial determination does not exist in the present case because the defendant would not have standing to sue since the taxes required to be withheld were the obligations of his employees. But, as the government points out, the defendant would have standing to sue by virtue of the interest he has resulting from his contributions to the social security taxes. An employer may recover social security taxes wrongfully collected over protest. Radio City Music Hall Corp. v. United States, 50 F.Supp. 329 (S.D.N.Y.1942), aff'd 135 F.2d 715 (2d Cir. 1943). A recent example of this procedure is Capital Trawlers, Inc. v. United States, 216 F.Supp. 440 (D. Me.1963), aff'd 324 F.2d 506 (1st Cir. 1963).

On all the employer's tax returns filed by Oscar J. Plotkin d/b/a Modern Fixture Company, from the second calendar quarter of 1959 through June 1961, the defendant stated a tax liability for withholding taxes. In conversations with representatives of the Internal Revenue Service, he stated that he had not made payments because he was short of funds. Almost a year before notice was delivered in hand to the defendant under § 7512(a), he was advised that the provisions of § 7512(b) would be employed if he did not comply with the regular withholding requirements. At no time did the defendant attempt to avail himself of a judicial determination by payment under protest, claim, and suit for refund.

It should be noted that the procedure in this case is similar to that in other criminal prosecutions for failure to comply with a duty imposed by statute. If the person charged contends he is not under the duty, a judicial review of the administrative determination that he is under the duty is not available until the trial of the criminal case when the issue may be raised as a defense. One example of this would be a prosecution for failure to secure a wagering occupation tax. The administrative determination that a particular activity is wagering is not open to judicial review until the trial of the case when the issue is raisable as a defense to the charge. The same is true in connection with many, if not most of the offenses proscribed by statute.

The statutes upon which this prosecution is based do not deprive the defendant of due process of law.

The motion for judgment of acquittal is hereby denied.