**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Norwood J. PATTERSON, Defendant-Appellant (two cases).**

**Nos. 72–1191, 72–1565.**

United States Court of Appeals, Ninth Circuit.

July 3, 1972.

Rehearing Denied Aug. 7, 1972.

Certiorari Denied Dec. 4, 1972.

See 93 S.Ct. 516.

Edward L. Cragen (argued), San Francisco, Cal., for defendant-appellant.

James L. Browning, Jr., U. S. Atty., Gary K. Shelton, John M. Youngquist, Asst. U. S. Attys., San Francisco, Cal., for plaintiff-appellee.

Before BARNES and GOODWIN, Circuit Judges, and McGOVERN, District Judge.*

* The Honorable Walter T. McGovern, United States District Judge for the Western District of Washington, sitting by designation.

GOODWIN, Circuit Judge:

Norwood J. Patterson was convicted by a jury on nine counts of violating Section 7512(b) of the Internal Revenue Code; *i.e.*, of collecting taxes from the employees of Sierra Broadcasting, Inc., and failing to deposit them in trust within two banking days of the dates those sums were collected.

In a consolidated action, Patterson was also convicted of seven counts involving the collection of taxes from employees of Radio Station KBIF, Inc. He appeals both judgments.

Patterson and his wife owned all the stock of Sierra, and of Pattco, Inc., which owns KBIF. Patterson was president of both Sierra and KBIF.

The record reveals an extraordinary pattern of delinquencies during all or parts of the years 1963 through 1968, inclusive. Patterson was interviewed, warned, and repeatedly urged to comply with the withholding requirements. He was undercapitalized, and apparently operated his various corporate enterprises by standing off creditors, including the government.

In due course, Patterson was formally served with IRS forms 2481 which notified Patterson, for each of his corporations, that he must comply with four requirements:

(1) Collect income tax withheld from employees and collect the employee Social Security contribution;

(2) Establish a trust account for the government in a bank;

(3) Deposit the taxes withheld and collected into that account; and

(4) Keep those funds in the bank until paid over to the government.

Patterson ignored these notices, and was prosecuted. He defended on the ground that he had been denied due process of law by being placed in a trust-account category without a hearing, and that the law under which he was prosecuted was unconstitutional because, among other things, it provided for "imprisonment for debt."

On appeal, he reasserts his constitutional contentions, and argues also that the evidence was insufficient to convict.

The constitutional arguments are answered by United States v. Plotkin, 239 F.Supp. 129 (E.D.Wis.1965). Due process does not demand hearings during every stage of administrative proceedings which lead to a confrontation with the government. It is sufficient if a hearing is had prior to the final order which deprives the person of his liberty. Opp Cotton Mills v. Administrator, 312 U.S. 126, 152–153, 61 S.Ct. 524, 85 L.Ed. 624 (1941).

The argument that he is being imprisoned for debt is specious. Patterson's misdemeanor was using as his own the tax money he was required by law to withhold from his workmen's wages and to pay over to the government. Congress has adequate power to punish such conduct.

The argument that the evidence was insufficient to support conviction does not deserve discussion.

Affirmed.