The order of the district court will be reversed and the cause remanded with directions to dismiss the petition.

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Simon GORDEN, Defendant-Appellant.**

**No. 73–1780.**

United States Court of Appeals,
Seventh Circuit.

Heard Feb. 11, 1974.

Decided April 17, 1974.

Julius Lucius Echeles, Chicago, Ill., for defendant-appellant.

Donald B. Mackay, U. S. Atty., Max Goodwin, Asst. U. S. Atty., Springfield, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, KILEY, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

CUMMINGS, Circuit Judge.

Defendant pleaded guilty to a criminal information for failing, after notice, to deposit in a special bank account in trust for the Government certain taxes of his employees which he withheld from their pay.[1] This was in violation of 26 U.S.C. § 7215.[2] A one-year sentence was imposed. A motion to reduce the sentence was later denied.

■ On appeal defendant first contends that his guilty plea was without sufficient factual basis. Although the September 29, 1972, notice served upon him pursuant to 26 U.S.C. § 7512 plainly required him to deposit the withheld taxes within two banking days after the taxes were withheld (October 9), he claimed below that oral statements by the agent who served the notice gave him the impression that he was not expected to deposit the taxes until October 16th. Despite this assertion at the sentencing hearing, he told the trial court that he had committed the offense according to the notice and persisted in

---

1. Under Section 7501 of the Internal Revenue Code, the amount of the withheld income and social security taxes deducted from defendant's employees' wages is to be a special fund in trust for the United States. See In Re Halo Metal Products, Inc., 419 F.2d 1068 (7th Cir. 1969).

2. 26 U.S.C. § 7215 provides:
   "(a) **Penalty.**—Any person who fails to comply with any provision of section 7512 (b) shall, in addition to any other penalties provided by law, be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than one year, or both, together with the costs of prosecution.
   "(b) **Exceptions.**—This section shall not apply—

"(1) to any person, if such person shows that there was reasonable doubt as to (A) whether the law required collection of tax, or (B) who was required by law to collect tax, and
   "(2) to any person, if such person shows that the failure to comply with the provisions of section 7512(b) was due to circumstances beyond his control.
For purposes of paragraph (2), a lack of funds existing immediately after the payment of wages (whether or not created by the payment of such wages) shall not be considered to be circumstances beyond the control of a person."

pleading guilty with the concurrence of his retained counsel. It has been held that defendant's state of mind does not provide a defense to the Section 7215 misdemeanor charge (United States v. Plotkin, 233 F.Supp. 317, 318 (E.D.Wis. 1964)), so that his plea of guilty had an adequate factual basis as required by Rule 11 of the Federal Rules of Criminal Procedure.

■ It is immaterial that the statutory scheme does not require willfulness, for taxpayers are protected by the following safeguards: notice must be hand-delivered before a subsequent failure to comply renders one guilty of the misdemeanor. Section 7512(a)(2). Guilt does not attach if the taxpayer can show there was reasonable doubt whether the law required collection of the tax or who was required by law to collect the tax. Section 7215(b)(1). The statute also does not apply to a taxpayer showing failure to comply was due to circumstances beyond his control. Section 7215(b)(2). Willfulness is required under the related felony section of the Internal Revenue Code (§ 7202) and under the civil penalty section (§ 6672). See Monday v. United States, 421 F.2d 1210, 1215 (7th Cir. 1970), certiorari denied, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed. 2d 48.

■ ■ Defendant next assails the district judge's refusal to make his presentence report available. However, the district court disclosed the general nature of the matters in the presentence report on which he relied in fixing the sentence. These were the defendant's long history of trust fund tax delinquencies and his marital infidelity. This was sufficient disclosure under United States v. Miller, 495 F.2d 362, at 364–365 (7th Cir. 1974). The matters relied on were permissible considerations. 18 U.S.C. § 3577; see also Williams v. New York, 337 U.S. 241, 247, 250, 69 S.Ct. 1079, 93 L.Ed. 1337; United States v. Onesti, 411 F.2d 783, 784 (7th Cir. 1969).[3] Defendant was afforded adequate opportunity to rebut these factors that determined his sentence. Furthermore, the district judge subsequently granted defendant a day's hearing to enable him to persuade the court that it was misinformed concerning his tax history and family life. Since the district judge explained at the hearing on the motion to reduce the sentence that it was based mainly on defendant's chronic abuse of trust fund tax obligations and the necessity of deterring others from similar practices, the sentence was not improperly based.

■ Defendant also contends that his sentence of imprisonment is contrary to the Fifth Amendment because he was unable to pay the taxes and therefore is being imprisoned for debt. This argument was recently rejected in United States v. Patterson, 465 F.2d 360, 361 (9th Cir. 1972), certiorari denied, 409 U.S. 1038, 93 S.Ct. 516, 34 L.Ed.2d 487. The court there stated:

"The argument that he is being imprisoned for debt is specious. Patterson's misdemeanor was using as his own the tax money he was required by law to withhold from his workmen's wages and to pay over to the government. Congress had adequate power to punish such conduct."

To avoid criminal penalties defendant had the choice of going out of business or borrowing the necessary funds to pay his employees' wages and deposit the withholding taxes, or paying withholding taxes instead of paying other creditors.

We are not persuaded by defendant's other arguments. Therefore, the judgment is affirmed.

---

3. Although it is a permissible consideration, we cannot attach much significance here to marital infidelity. The judge's comments at the hearing on the motion to reduce the sentence suggests that this was a much less important consideration than defendant's prior tax delinquencies.