**UNITED STATES of America,
Plaintiff-Appellee,**

v.

·**J. Archie GAY, Defendant-Appellant.**

No. 77–5705
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 20, 1978.
Rehearing Denied Sept. 6, 1978.

Roger L. Davis, Cocoa Beach, Fla., (Court-appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., William F. Duane, Asst. U. S. Atty., Orlando, Fla., Thomas K. Purcell, Atty., Regional Counsel, IRS, Jacksonville, Fla., for plaintiff-appellee.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

AINSWORTH, Circuit Judge:

Defendant J. Archie Gay, doing business as Comfort Central Engineers, was the sole proprietor of a heating and air conditioning business. As an employer of labor Gay was required to collect, account for, and pay over to the United States, Federal Insurance Contribution Act taxes and federal income taxes withheld from the wages of Comfort Central Engineers' employees. See 26 U.S.C. §§ 3102, 3402. In January 1976 after Gay fell into arrears in fulfilling this obligation, the Internal Revenue Service assigned Agent Illingsworth to collect the delinquent withholding taxes. Because of conflicts between Agent Illingsworth and Gay, on February 26, 1976, Agent Donovan replaced Illingsworth on the case. About a month later, a letter, Form L-54, was delivered to Gay. This letter informed Gay that if submission of quarterly withholding returns and payment of any taxes due continued to be delinquent, Gay would be placed under the stricter provisions of 26 U.S.C. § 7512.[1] When Gay failed to file a withholding return for the quarter ending June 30, 1976 on the due date, Agent Donovan recommended the issuance of Form 2481[2] and personally served that form on

---

1. In relevant part, Form L-54, which was sent to Gay reads:

Although we have advised you a number of times to pay over the social security and income taxes you withhold from your employees, our records show that you are still not making these payments as required by law.

Beginning immediately, we will periodically check your payment record to see whether you are making required Federal tax deposits when due and paying any balance of tax that is due with your quarterly Form 941 returns. If we find that you are still not complying with the law, we will serve you with a formal notice requiring you to file your returns and pay your employment taxes in accordance with one or both of the following provisions:

1. Section 31.6011(a)-5 of the Employment Tax Regulations, which would require you to file your Form 941 returns and pay your taxes monthly rather than quarterly.

2. Section 7512 of the Internal Revenue Code, which would require you to deposit your withheld taxes in a special bank account within 2 banking days after you pay your employees their wages. These deposits would have to remain in the bank until paid over to the Internal Revenue Service.

26 U.S.C. § 7512 provides that:

(a) General rule.—Whenever any person who is required to collect, account for, and pay over any tax imposed by subtitle C or by chapter 33—

(1) at the time and in the manner prescribed by law or regulations (A) fails to collect, truthfully account for, or pay over such tax, or (B) fails to make deposits, payments, or returns of such tax, and

(2) is notified, by notice delivered in hand to such person, of any such failure,

then all the requirements of subsection (b) shall be complied with. In the case of a corporation, partnership, or trust, notice delivered in hand to an officer, partner, or trustee, shall, for purposes of this section, be deemed to be notice delivered in hand to such corporation, partnership, or trust and to all officers, partners, trustees, and employees thereof.

(b) Requirements.—Any person who is required to collect, account for, and pay over any tax imposed by subtitle C or by chapter 33, if notice has been delivered to such person in accordance with subsection (a), shall collect the taxes imposed by subtitle C or chapter 33 which become collectible after delivery of such notice, shall (not later than the end of the second banking day after any amount of such taxes is collected) deposit such amount in a separate account in a bank (as defined in section 581), and shall keep the amount of such taxes in such account until payment over to the United States. Any such account shall be designated as a special fund in trust for the United States, payable to the United States by such person as trustee.

(c) Relief from further compliance with subsection (b).—Whenever the Secretary or his delegate is satisfied, with respect to any notification made under subsection (a), that all requirements of law and regulations with respect to the taxes imposed by subtitle C or chapter 33, as the case may be, will henceforth be complied with, he may cancel such notification. Such cancellation shall take effect at such time as is specified in the notice of such cancellation.

2. At the time Agent Donovan took these actions, Gay had failed to pay the Government about $2,000 in taxes withheld from the wages of his employees during 1976.

the defendant on August 26, 1976. The issuance of Form 2481 required Gay to file monthly returns and to pay withheld taxes into a special trust account two days after the collection of the taxes.[3]

Despite the receipt of Form 2481, Gay failed to make timely deposits into the trust account for the remainder of 1976. During the first three months of 1977, no deposits were made to the trust account. In addition, Gay never filed the monthly returns on their due date. As a result of this noncompliance with section 7512, the case was referred to the Intelligence Division of the Internal Revenue Service for possible criminal prosecution.

On July 25, 1977, an eight-count information was filed against Gay charging a violation of 26 U.S.C. § 7215[4] for failing to deposit taxes withheld on each of the eight paydays in January and February 1977. A jury found Gay guilty on all counts. For each count, Gay was fined $300 and was sentenced to concurrent three-year terms of probation. Gay now appeals from that conviction. Finding the contentions raised to be without merit, we affirm the conviction.

■ The trial court properly excluded evidence of Gay's altercation with Agent Illingsworth as irrelevant to the issue of whether Form 2481 was properly issued or whether Gay complied with the requirements of 26 U.S.C. § 7512. There is no

3. Form 2481 in pertinent part states:
   Therefore, under the provisions of section 7512 of the Internal Revenue Code, you are hereby notified that:
   Effective immediately you are required to:
   1) Collect, at the time and in the manner provided by the law and the regulations, any of the following internal revenue taxes for which you are liable:
   Income tax withheld from employees;
   Employee tax withheld under Federal Insurance Contributions Act; and
   Excise taxes on toll telephone service, local telephone service, teletypewriter exchange service and transportation of persons by air.
   2) Establish a separate bank account in a bank (as defined in section 581 of the Internal Revenue Code) designated as "(Your Name), Trustee, Special Fund in Trust for U.S. under Sec. 7512, I.R.C."
   3) Deposit the taxes withheld or collected by you in such separate bank account not later than the end of the second banking day after the taxes are withheld or collected.
   4) Keep the taxes so deposited in such separate bank account until they are paid over to the Internal Revenue Service.
   Failure to comply with any provision of section 7512(b) of the Internal Revenue Code shall constitute a misdemeanor, and, upon conviction thereof, you will be subject to a fine of not more than $5,000, or imprisonment for not more than one year, or both, together with the costs of prosecution. In addition, all penalties which are provided for failure to comply with any other provisions of law shall be applicable.
   In addition to the requirements listed above, and under the provisions of section 6011 of the Internal Revenue Code and regulations, you are further notified that:
   Effective for the calendar month in which this notice is delivered, you are required to:

File monthly returns on Form 941M for the taxes normally required to be reported quarterly. Your monthly returns must be filed not later than the 15th day of the month following the month covered by the return(s).

You should send with each return the full amount of all taxes shown to be due. Payment in this manner makes it unnecessary for you to use Federal tax deposit forms for taxes withheld or collected after receipt of this notice.

4. Violations of 26 U.S.C. § 7512 are made a misdemeanor by 26 U.S.C. § 7215 which provides that:
   (a) Penalty.—Any person who fails to comply with any provision of section 7512(b) shall, in addition to any other penalties provided by law, be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than one year, or both, together with the costs of prosecution.
   (b) Exceptions.—This section shall not apply—
   (1) to any person, if such person shows that there was reasonable doubt as to (A) whether the law required collection of tax, or (B) who was required by law to collect tax, and
   (2) to any person, if such person shows that the failure to comply with the provisions of section 7512(b) was due to circumstances beyond his control.
   For purposes of paragraph (2), a lack of funds existing immediately after the payment of wages (whether or not created by the payment of such wages) shall not be considered to be circumstances beyond the control of a person.

evidence that the issuance of Form 2481 was in any way related to the altercation between Gay and Illingsworth. Instead, the evidence of Gay's failure to account for withheld taxes fully supports the decision to issue the form. The altercation is also irrelevant as a possible motive for Agent Donovan's allegedly misrepresenting to Gay Gay's duties under Form 2481. While Gay suggests on this appeal that such misrepresentations were made, Gay and his wife did not testify that Agent Donovan made any misleading statements. Because Donovan's conduct was not brought into question during the trial, evidence of any motive for alleged misrepresentations by Donovan was irrelevant.

■ In addition, expert testimony offered by the defense concerning the requirements of section 7512 was properly excluded. Gay's legal obligations in the circumstances were a matter *for instructions* from the trial court and not properly a subject for testimony by an expert witness. *See United States v. Phillips*, 5 Cir., 1973, 478 F.2d 743; *Huff v. United States*, 5 Cir., 1959, 273 F.2d 56.

■ Gay also was not entitled to have evidence of payment of any advance deposits that he may have made into the trust account treated as an absolute defense to the offenses charged in the information. To ensure collection of withheld taxes, section 7215 imposes strict compliance with the deposit requirements of section 7512 and any deviation from these provisions constitutes an offense. "[A]n offense under section 7215 has nothing directly to do with payment at all, but with the failure to comply with mandatory accounting procedures." *United States v. McMullen*, 7 Cir., 1975, 516 F.2d 917, 921, *cert. denied*, 423 U.S. 915, 96 S.Ct. 222, 46 L.Ed.2d 144 (1977). The only basis for excusing noncompliance with section 7512 is that the defendant either had a reasonable doubt about his obli-

gation to collect the taxes or was unable to comply as a result of circumstances beyond his control. *See* 26 U.S.C. § 7215(b).

The district court permitted Gay to introduce evidence of any overpayment to prove that Gay had a reasonable doubt as to his obligation to collect taxes since he would have already deposited any taxes due.[5] This evidence showed that while the deposits made between September 26 and December 14, 1976 exceeded the taxes withheld during that period, these overpayments, amounting to about $70, were insufficient to cover the approximately $1,500 of taxes which were withheld in the first two months of 1977. Further, testimony indicated that the excess deposits were to repay the withholding taxes that Gay had collected but not paid to the United States for the first part of 1976 and at no time were sufficient funds deposited to fulfill Gay's withholding tax liability from the beginning of 1976.

Although Gay further contends that he may have been relieved from the provisions of section 7512 prior to January 1977, the evidence clearly shows that Form 2481 was still in effect. Form 2481 was hand delivered to Gay on August 26, 1976. Treasury Regulations § 31.6011(a)–5(a)(2) and § 301.-7512–1(e) specify that only a written notice from the District Director can cancel the obligations of Form 2481. *See also* Treas. Reg. § 31.6161(a)(1)–1 (requirements of Form 2481 cannot be waived). At no time prior to the offenses charged in the information did Gay receive such a written notice cancelling his obligations.

■ Lastly Gay contends that the evidence was insufficient since the Government failed to show that taxes were withheld on the dates specified in the information. While Gay's business normally paid its employees every Friday and recorded the payments in its books on those days, employees were often requested not to cash

---

5. In its brief the Government argues that admitting any evidence of overpayment was improper because section 7215(b) refers explicitly only to the duty to collect taxes. Any doubts Gay may have had as a result of the overpay-

ments would relate to his obligation to deposit withheld taxes and not to his obligation to collect them. However, we need not decide this question since the Government was not harmed by any error.

their checks immediately because the business lacked sufficient funds to cover the checks. Nonetheless, the Government sufficiently proved the offense charged in the information. Since the checks were expected to be paid shortly after their issuance, the taxes should be considered withheld on the normal payday. "It is not material that the checks may not have been delivered on the exact dates appearing thereon or that particular employees may not have cashed their checks immediately after receiving them." *United States v. Paulton*, 8 Cir., 1976, 540 F.2d 886, 891. Further, the Government also showed that in some instances wages were paid in cash near the dates shown in the information and, hence, that some deposit of withheld taxes was required on the dates specified in the indictment. It is unnecessary to prove the exact amount of each deposit required. The essence of the offense is failing to make a timely deposit and since no deposits had been made during January or February 1977, demonstrating that any deposit was due proved that Gay failed to comply with the provisions of section 7512.

AFFIRMED.