No. 18,633.

LLOYD ANDERSON *v.* PEOPLE OF THE STATE OF COLORADO.
(337 P. [2d] 10)

Decided March 2, 1959.

Mr. LLOYD ANDERSON, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

WE will refer to plaintiff in error as defendant, the position he occupied in the trial court.

On October 3, 1957, defendant was charged with forgery in an information filed by the district attorney pursuant to C.R.S. '53, 40-6-1. Defendant being without funds, the trial court appointed counsel to represent him and on October 23, 1957, he entered a plea of guilty to the charge. Evidence in aggravation and mitigation of the offense was taken and defendant was permitted to apply for probation. In due course his application was denied and he was sentenced to the state penitentiary for a term of not less than two, or more than three years. Defendant brings the case here on writ of error and submits the entire record in the trial court. Nothing appears therein subsequent to the imposition of sentence. No motion for new trial or for other relief was presented.

It is contended by defendant that the introduction in evidence, without objection on the part of his counsel, of six other checks passed by defendant on other persons than the prosecuting witness "tended only to blacken the character of the defendant, which may have caused him to receive a greater sentence than would normally have been imposed * * *." It is also contended that "the burden of proof is upon the prosecution to first prove the existence of the person whose name is alleged to have been forged, and then to show that the prisoner had that person's signature from which

he duplicated said person's signature." Neither of these contentions are sound.

In the instant case the check in question was ostensibly made by one Fred E. Reed and payable to defendant, who in turn endorsed it and delivered it to the prosecuting witness in payment of lodging and a balance in cash. Defendant admitted that he wrote the entire check and that the balance over and above two night's lodging in a motel was paid to him by the prosecuting witness in cash.

With reference to the first contention urged by defendant, we refer to *Panion v. People,* 138 Colo. 236, 331 P. (2d) 501, decided by this court on November 10, 1958. Nothing further need be said on this assignment.

■ This defendant's assertion as to forgery is, the same as that expressly rejected by this Court on February 24, 1959, in *Little v. People,* 138 Colo. 572, 335 P. (2d) 863, wherein it was said: "To state his premise is to vaporize it."

If further authority in this state be essential, we refer to *People v. McDonald,* 53 Colo. 265, 125 Pac. 114; *Wright v. People,* 116 Colo. 306, 181 P. (2d) 447, and the recent case of *Davenport v. People,* 138 Colo. 291, 332 P. (2d) 485, decided December 1, 1958, where Mr. Justice Day, speaking for the court, said: "Defendant also contends that the evidence merely established that he endorsed the check and if a genuine endorsement there is no forgery. He misconstrues the statute, C.R.S. '53, 40-6-1. A reading thereof presents no ambiguity. While the crime may be committed by uttering the forgery — that is forging the name of the maker — it may also be committed by passing a forged or spurious instrument as true and genuine."

Perceiving no error in the record, the judgment is affirmed.