**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Frank ONESTI, Defendant-Appellant.**

**No. 17262.**

United States Court of Appeals
Seventh Circuit.

May 29, 1969.

Rehearing Denied June 17, 1969.

Julius Lucius Echeles, Chicago, Ill., for defendant-appellant.

Thomas A. Foran, U. S. Atty., Peter F. Vaira, Jr., Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., Chicago, Ill., of counsel.

Before HASTINGS, Senior Circuit Judge, and FAIRCHILD and CUMMINGS, Circuit Judges.

HASTINGS, Senior Circuit Judge.

The sole question on this appeal is whether the trial court, in determining sentence, considered impermissible evidence and as a result reached unwarranted conclusions bearing upon defendant's sentence.

A three-count indictment was filed May 2, 1968 in the United States District Court for the Northern District of Illinois, Honorable Bernard M. Decker, Judge presiding.

In Count 1, Arthur D. Smith, a government postal carrier, Frank E. Onesti (defendant in the instant case) and his brother Guy A. Onesti, pursuant to 18 U.S.C.A. § 371, were charged with conspiring to violate 18 U.S.C.A. §§ 1702 and 1709 in that they stole a letter containing a credit card.

In Count 2, Arthur D. Smith alone was charged with embezzling a letter from the mails on or about October 18, 1967,

addressed to Robert Marotta, Melrose Park, in violation of 18 U.S.C.A. § 1709.

In Count 3, the indictment charged that Frank E. Onesti (defendant) and Guy A. Onesti on or about October 18, 1967 took a letter addressed to Robert Marotta, Melrose Park, which was in the custody of a mail carrier before it had been delivered to the addressee, in violation of 18 U.S.C.A. § 1702.

On May 10, 1968, Arthur D. Smith entered a plea of guilty to Counts 1 and 2. He was placed on three years probation by Judge Decker. On the same date, Guy A. Onesti entered a plea of guilty to Count 3, the substantive count. He was sentenced to a term of one year in the custody of the Attorney General. He began service of that sentence. The conspiracy count was thereafter dismissed against Guy.

Defendant Frank E. Onesti entered a plea of not guilty to Counts 1 and 3. Thereafter, he was found guilty on both counts following a bench trial commenced on July 15, 1968 before Judge Decker. On September 13, 1968, defendant was sentenced to a term of one year in the custody of the Attorney General by Judge Decker. He has been at large on bail pending this appeal.

Defendant was represented by experienced counsel throughout the proceeding in the trial court and on this appeal. No error is charged in the trial nor is the validity of the judgment of guilt on Counts 1 and 3 questioned. Defendant seeks only to have his sentence vacated and the cause remanded to the trial court for a reconsideration of the sentence.

We need only make a general reference to the occurrence established by the evidence at the trial. Persons who had never received credit cards were billed for merchandise purchased with such cards. Such cards had been mailed to persons living on Smith's mail route, including Robert Marotta, who had since moved away. Smith embezzled the credit cards and subsequently sold a number of them to defendant and his brother Guy under an arrangement made with them.

Defendant and Guy owned and operated the Lake Auto Body Shop in Melrose Park, Illinois. Both executed written statements to the postal inspectors. Defendant admitted the purchase of several of such credit cards from Smith and that his brother purchased others from Smith, all taken from the mails. He admitted the fraudulent use of one such card for his personal needs, including the purchase of a watch costing $275 and a television set. Also, the fraudulent use of three other cards to charge repairs at his body shop to an automobile of one Vito Lombardi. There was corroborative testimony from Smith and a postal inspector. Defendant testified.

Defendant's counsel, on oral argument, concedes that the pre-sentence report was made available for inspection.

We have read the colloquy between Judge Decker, counsel for defendant, the government and the three individuals concerned. All were given an ample opportunity to speak, as was their attorney, and no complaint is made on that score. The trial court was primarily interested in knowing whether this was an isolated transaction or whether the Onesti brothers had engaged in an extensive scheme to fraudulently use credit cards. The trial evidence established they had purchased a total of 18 to 20 cards taken from the mail by Smith. At the time of the arrest and pursuant to a proper search warrant incriminating evidence was found on defendant's body shop premises pointing to an established plan to participate in an extensive scheme to fraudulently use stolen credit cards.

Our examination of the relevant record leads us to conclude that the distinguished trial judge properly considered evidence other than that pertaining to the offense of October 18, 1967. The record supports the conclusion that defendant was involved in a series of fraudulent transactions with stolen credit cards. Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); United States v. Trigg, 7 Cir., 392 F.2d 860, 864 (1968), cert. denied, 391 U.S.

961, 88 S.Ct. 1863, 20 L.Ed.2d 874; Cross v. United States, 122 U.S.App.D.C. 380, 354 F.2d 512, 514–515 (1965); United States v. Doyle, 2 Cir., 348 F.2d 715, 721 (1965), cert. denied, 382 U.S. 843, 86 S. Ct. 89, 15 L.Ed.2d 84.

Finally, it should be observed that Judge Decker imposed the same one-year sentence on each of the brothers Onesti, one of whom plead guilty and did not appeal. We find no grounds that would justify vacating the sentence and remanding the case for a reconsideration of sentence.

The judgment appealed from is affirmed.

Affirmed.