493 P.2d 1201

**The STATE of Arizona, Appellee,**
**v.**
**Ronald Gary HANLEY, Appellant.**
**No. 2231.**

Supreme Court of Arizona,
In Division.
Feb. 18, 1972.

Gary K. Nelson, Atty. Gen. by Paul J. Prato, Phoenix, for appellee.

Stewart & Florence by Mathis Becker, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from judgments and sentences after a plea of guilty to the crimes of attempted rape, §§ 13–611, 13–614, 13–108 and 13–110 A.R.S., and assault with intent to commit rape, § 13–252 A.R.S. Defendant received sentences of 20 to 30 years for attempted rape and 13 to 14 years for assault with intent to commit rape.

We are called upon to answer three questions on appeal. They are:

1. Does the trial court have jurisdiction to grant defendant's motion to set aside a plea of guilty after judgment has been entered and sentence imposed?

2. Did the trial court err in considering other crimes to which the defendant had not pleaded guilty in imposing sentences upon the defendant?

3. Did the trial court commit reversible error in denying the defendant the right to cross-examine the victims in a Rule 336, 17 A.R.S., mitigation and aggravation hearing?

The facts necessary for a determination of this matter are as follows. The defendant, assertedly under the influence of hallucinatory drugs, forced his way into a motel room at Sky Harbor Airport in Phoenix, Arizona, where he, at the point of a gun, bound with wire two airline stewardesses, raped each one, took their money, and, after talking to them for 2 to 3 hours, left. Defendant was later arrested at his home and his home searched. As a result, he was charged with (1) posses-

sion of marijuana, a felony (§ 36–1002.05 A.R.S.); (2) possession of mescaline, a felony (§ 32–1964, subsec. A, par. 7, § 32–1975, subsec. B and § 32–1965 A.R.S.); (3) rape (§ 13–611 and § 13–614 A.R.S.); (4) two counts of robbery (§ 13–641 and § 13–643 A.R.S.); and (5) assault with a deadly weapon (§ 13–249 A.R.S.).

After a preliminary hearing numerous motions, psychiatric examination, and pleas of not guilty, the defendant, as the result of a plea bargain, was allowed to enter a plea of guilty to the crime of assault with attempt to commit rape as to one victim and attempted rape as to the other victim. All other charges were dismissed. The defendant on appeal does not complain of any error prior to the time of the plea of guilty and we have searched the record for fundamental error as required by § 13–1715, subsec. B, A.R.S. and have found none.

## JURISDICTION TO GRANT MOTION TO SET ASIDE PLEA

The defendant, after sentencing but before giving notice of appeal, moved to set aside his plea. The court stated:

"It is the opinion of the Court that the defendant having already been sentenced and judgment entered thereon, the Court no longer has jurisdiction to permit the defendant to withdraw his plea of guilty."

And:

"In the event it is hereafter determined as a matter of law that this Court does have jurisdiction at this stage of the proceedings to permit the withdrawal of the defendant's plea of guilty, this Court would not exercise its discretion to do so."

Although the result may be the same as far as the defendant is concerned, there is a difference, legally, between a motion to withdraw a plea pursuant to Rule 188 of the Rules of Criminal Procedure, 17 A.R.S., and a motion to modify or vacate a judgment pursuant to Rule 60(c) of the Rules of Civil Procedure, 16 A.R.S.

■ As to the motion to withdraw under Rule 188 of the Rules of Criminal Procedure, we have held that a motion to withdraw a plea of guilty may not be heard after sentencing:

"* * * In other words, the trial court cannot entertain a motion to withdraw a plea of guilty after pronouncing sentence whether or not defendant has started to serve his term." State v. Barnes, 100 Ariz. 334, 335, 336, 414 P.2d 149, 150 (1966).

■ On the other hand, the court may modify or vacate its judgments and sentences if the defendant is able to bring himself within the provisions (mistake, inadvertence, surprise, excusable neglect) of Rule 60(c) of the Rules of Civil Procedure, 16 A.R.S. This court has stated:

"* * * the trial court in the absence of a specific rule or statute has inherent jurisdiction to modify and vacate its own judgments and orders in criminal cases, in accordance with Rule 60(c) of the Rules of Civil Procedure, as amended, unless such jurisdiction is sooner terminated by the perfecting of an appeal to the appellate court." State v. Lopez, 96 Ariz. 169, 172, 393 P.2d 263, 266 (1964).

■ No appeal having been perfected at the time of the motion to set aside the plea, the trial court still had jurisdiction to modify or vacate the judgment. A review of the record, however, indicates that the defendant has not shown or alleged facts which bring him within the scope of Rule 60(c) of the Rules of Civil Procedure, 16 A.R.S. We therefore hold that the trial court did not err in denying defendant's motion to set aside the plea.

## WAS IT ERROR FOR THE TRIAL COURT TO CONSIDER THE OTHER CRIMES TO WHICH THE DEFENDANT HAD NOT PLEADED OR BEEN FOUND GUILTY?

■ Defendant contends the trial court committed error when in sentencing it considered other crimes to which the defendant had not pleaded guilty or for which he had not been found guilty. Specifically, defendant objects to the trial court taking into consideration those offenses in the original charge which were dismissed as the result of the guilty plea. He further contends that there is some question as to whether there is sufficient showing of "mens rea" in these offenses. We do not agree. The actions of the defendant whether with or without mens rea are relevant matters to be considered by the trial court. The trial court had read the reporter's transcript of the preliminary hearing and had heard the testimony of the witness at the Rule 336 hearing. There was ample evidence to believe the defendant committed all the offenses for which he was charged and that his conduct, whether intentional or under the influence of drugs, was a matter the court could and should properly consider:

"Undoubtedly the trial court took into consideration among other factors, defendant's lack of prior felony convictions, his criminal propensity, namely, his sale of narcotics the day before the offense charged, the fact that the possession to which defendant pleaded guilty also involved a sale of narcotics (one of $20 worth of heroin), and that he was a peddler not an addict." State v. Castano, 89 Ariz. 231, 233, 360 P.2d 479, 480 (1961).

In this case the court was simply taking note of the fact that the appellant had committed several criminal acts in the course of committing the crimes to which he had pleaded guilty:

"To argue that the presumption of innocence is affronted by considering unproved criminal activity is as implausible as taking the double jeopardy clause to bar reference to past convictions." United States v. Doyle, 348 F.2d 715, 721 (2nd Cir. 1965). See also Austin v. United States, 408 F.2d 808 (9th Cir. 1969); United States v. Cifarelli, 401 F.2d 512 (2nd Cir. 1968).

WAS IT··ERROR TO DENY DEFEND-ANT THE RIGHT TO CROSS-EX-AMINE THE VICTIMS IN THE MITIGATION AND AGGRAVA-TION HEARING?

A hearing in mitigation and aggravation pursuant to Rule 336 of the Rules of Criminal Procedure, 17 A.R.S., was held on 22 June 1970. Rule 336 reads as follows:

"Rule 336. Inquiry into mitigating or aggravating circumstances.

"When the court has discretion as to the penalty to be inflicted on the defendant, it shall, upon suggestion of either party that there are circumstances which may properly be taken into consideration, hear evidence as to the circumstances summarily in open court, either immediately or at a special time and upon such notice to the adverse party as the court directs, or the court may inquire into such circumstances of its own motion."

At the hearing the defendant took the stand and was cross-examined by the County Attorney and examined by the court as were defendant's other mitigation witnesses. The State put on the two victims who testified on direct examination. At the conclusion of the first victim's testimony, the following transpired:

"THE COURT: The Court has no other questions, you may step down.

"MR. BECKER: May I ask a few?

"THE COURT: No, the record may show the defendant is not entitled to cross-examination, the trial is over with counsel."

After the second victim testified, the following transpired:

"THE COURT: Counsel, I did not permit you to cross-examine Miss _____ for the reason that this is not an adversary proceeding. When the defendant entered his plea of guilty he lost all right to cross-examine those who accuse him, but I do not want to preclude you from going into a line of questioning which might be legitimate

on the issue of mitigation. I just was unable to think of anything that you could legitimately . ask these young ladies about that goes into the area of mitigation.

You may make a record and offer of proof, if you like, to be certain I don't preclude the defendant in any way from going into something that would be legitimate on that issue.

"MR. BECKER: I would like the record to indicate that I would like to question both Miss _____ and Miss _____.

"THE COURT: On what line of questioning?

"MR. BECKER: The questions would lead to: One, the fact that their employer, Delta Airlines is the one who has been pushing the—

"THE COURT: I am cutting you off right now, your request is denied.

"MR. BECKER: May I continue with my other offer of proof, Your Honor?

"THE COURT: It had better go to the merits of mitigation.

"MR. BECKER: There are pictures in the file of the County Attorney's Office which were taken a very short time after the crime which do not show bruises upon the young ladies' wrists.

I wanted to go also into the fact as to whether there had been malicious beatings, any attempts to actually physically injure them, any attempts by him to hurt them, and also as to the question of the pointing of the gun and any threats of that sort.

"THE COURT: The request will be denied."

■ It is true that the judge is not required to follow the strict rules of evidence in a mitigation and aggravation hearing pursuant to Rule 336 of the Rules of Criminal Procedure, 17 A.R.S. However, we still feel that these hearings must be conducted consistent with basic concepts of

fairness, justice and impartiality. We have stated:

> "The court is not restricted to strict rules of evidence but the hearing must be fair and impartial. State v. Levice, supra [59 Ariz. 472, 130 P.2d 53]. A defendant may well feel that he is legally guilty of a crime, but not morally guilty of a crime. For this reason he is willing to enter a plea of guilty to a charge, and rely on Rule 336 to present evidence of why he should be placed on probation or why a sentence should be mitigated." State v. Nelson, 104 Ariz. 52, 55, 448 P.2d 402, 405 (1968).

 In the instant case, the defendant had a right to show any evidence which would mitigate the seriousness of the crime to which he had pleaded guilty. Undue restrictions on the right to cross-examine strikes at the very heart of the adversary system:

> "* * * '[a] denial of cross-examination without waiver * * * would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it.' Brookhart v. Janis, 384 U.S. 1, 3, 86 S.Ct. 1245, 1246, 16 L.Ed.2d 314." Smith v. Illinois, 390 U.S. 129, 131, 88 S.Ct. 748, 750, 19 L.Ed.2d 956, 959 (1968).

The actions of the trial court prevented the defendant from attempting to extract from the two victims by way of cross-examination mitigating circumstances after they had testified in aggravation of the offenses to which the defendant had pleaded:

> "The party against whom a witness is produced has a right to show everything which may in the slightest degree affect his credibility (citations omitted), and in a criminal prosecution to inquire upon cross-examination what influence was used upon the witnesses for the state (citations omitted) and where the charge made is of rape, and the state's case depends almost entirely on the testimony of the prosecutrix, ample latitude and cross-

examination should be allowed." Fuller v. State, 23 Ariz. 489, 493, 205 P. 324, 325 (1922).

We hold that the trial court erroneously restricted cross-examination in this case.

The judgments of guilty are affirmed and the matter is remanded to the trial court for rehearing, if requested, and resentencing pursuant to this opinion.

HAYS, C. J., and LOCKWOOD, J., concur.