**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bill Eugene READ, Defendant-Appellant.**

No. 75–2402.

United States Court of Appeals, Ninth Circuit.

April 15, 1976.

Rehearing Denied July 6, 1976.

Elliot J. Abelson (argued), Lappen, Abelson & Harris, Beverly Hills, Cal., for defendant-appellant.

Cornell D. Price, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

OPINION

Before BARNES, HUFSTEDLER and WRIGHT, Circuit Judges.

PER CURIAM:

Read contends that the district court erred in denying his motion to set aside his guilty plea and in failing to disclose information about his alleged prior criminal activities upon which the district court relied in sentencing him.

■ When, as here, a defendant moves to set aside his guilty plea before sentencing, the motion should be freely allowed in the interests of justice. (*Kadwell v. United States,* 315 F.2d 667 (9th Cir. 1963).) However, the granting of the motion lies in the sound discretion of the district court. From our review of the record, we do not believe that the district court abused its discretion in rejecting the motion.

Read's second contention is meritorious. During Read's sentencing proceedings, his counsel challenged the factual foundation of a number of statements in the presentence report. The district court continued the sentencing hearing for the purpose of further investigation. Upon the return date, the court said:

> "We checked with other law enforcement agencies, state and county, and we have reached a considerable number of them, all of which agree that this defendant has been engaged in criminal activity of a severe kind. The mere fact he hasn't been apprehended before doesn't indicate he hasn't been in it."

Immediately thereafter the district court committed Read to custody for seven years.

■ We recognize the rule that federal sentences are not generally reviewable, *Gore v. United States,* 357 U.S. 386, 393, 78 S.Ct. 1280, 1284, 2 L.Ed.2d 1405, 1410 (1958), and the sentencing judge may draw on various sources for information that will assist him in determining appropriate punishment. *Williams v. New York,* 337 U.S. 241, 246, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337, 1341 (1949).

■ The record in this case contains nothing from which we or the appellant can ascertain the identity of the person or persons to whom the court referred when it said "we checked with other law enforcement agencies," or the identity of the agencies which were contacted, or the substance of the information received, or the basis for that information. We cannot infer or assume from a silent record that any of this information was confidential.

■ A district judge is not required to reveal all the information he obtained prior to sentencing if he has good reason not to do so, but some explanation of why he need not do so is necessary once he has stated he has relied upon such information.

As we said in *United States v. Weston,* 448 F.2d 626, 634 (9th Cir. 1971): "A rational penal system must have some concern for the probable accuracy of the informational inputs in the sentencing process." Our concern is meaningless if it registers against a blank page.

We agree with the Fourth Circuit's interpretation of Federal Rules of Criminal Procedure, Rule 32(c) that, at a minimum, a recitation of a defendant's criminal record contained in a presentence report must be disclosed, and the defendant must have an opportunity " 'to refute or explain any record disparagement of his earlier deportment.' " (*United States v. Powell,* 487 F.2d 325, 328 (1973), *quoting Baker v. United States,* 388 F.2d 931, 933 (4th Cir. 1968).) The obligation thus to disclose cannot be circumvented by reliance upon an oral presentence report to which a defendant has no access and about which he has no information.

The sentence is vacated and the cause is remanded for further proceedings at which appellant shall be furnished the information on which the district court relied in concluding that appellant has been engaged in criminal activity of a severe kind. In making the information available, the district court, of course, may preserve confidential sources of its information. (*United States v. Powell, supra,* 487 F.2d at 328.) The

district court should afford appellant an opportunity to explain or to refute the information before it resentences him.