STATE of Iowa, Appellee,

v.

Robert Paul THOMPSON, Appellant.

No. 61951.

Supreme Court of Iowa.

Feb. 21, 1979.

John J. Wolfe, Jr., Clinton, for appellant.

Richard C. Turner, Atty. Gen., William R. Armstrong, Asst. Atty. Gen., and Mervin D. Woodin, Asst. Clinton County Atty., Clinton, for appellee.

UHLENHOPP, Justice.

This appeal involves the propriety of sentencing procedure employed on a plea of guilty to third-degree theft under §§ 714.-1(1) and 714.2(3), Code 1977 Supplement.

Defendant Robert Paul Thompson was originally charged with second-degree burglary. He did not admit burglary in his original statement to officers or in subsequent proceedings. In accordance with a plea bargain the prosecutor reduced the charge to third-degree theft, which carries a penalty of imprisonment not to exceed

two years or a fine not to exceed $5000 or both. The district correctional services recommended a suspended jail sentence with probation; the prosecutor made no recommendation. The Judicial Magistrate sentenced defendant to two years in the reformatory. He stated he felt a substantial term was appropriate and that a state institution would offer rehabilitative services defendant needed. He also stated:

> The charge that brings the defendant before the Clinton County District Court was originally a charge of burglary in the second degree, a class C felony. Thereafter through negotiations with the Clinton County Attorney's office the charge was reduced to that of theft in the third degree, an aggravated misdemeanor offense. The class C felony carries a possible term of ten years. An aggravated misdemeanor carries a possible term of two years. It is the opinion of the Court that a reduction of the charge from a class C felony to an aggravated misdemeanor does not justify the Court's allowance of probation or deferred sentence.

Defendant appealed.

I. We first point out that this case is not a challenge to a sentencing court's discretion under *State v. Peckenschneider*, 236 N.W.2d 344 (Iowa), or a challenge to the responsibility of a sentencing court to consider all facts which will assist the court in the exercise of its sentencing discretion. This court stated in *State v. Kendall*, 167 N.W.2d 909, 911 (Iowa):

> It was the duty of the trial court to ascertain any and all facts that would assist in the proper exercise of its discretion in fixing defendant's sentence, whether in or out of the record. . . .
>
> The trial court and we on review should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in deter-

mining a proper sentence. The punishment should fit both the crime and the individual.

■■ II. The present case concerns the possibility that the accused's act on the occasion in question may have constituted a higher crime than the one to which he pleaded guilty. A sentencing court *may*, within statutory limits, impose a severe sentence for a lower crime on the ground that the accused actually committed a higher crime on the occasion involved *if* the facts before the court show the accused committed the higher crime or the defendant admits it—whether or not the prosecutor originally charged the higher crime. This is part of making the punishment fit the crime. 24B C.J.S. Criminal Law § 1980 at 562, 565 ("The court should give due regard to the nature of the offense and the attending circumstances . . . . Punishment should always be commensurate with the crime"). A sentencing court *may not* however impose a severe sentence for a lower crime on the ground that the accused actually committed a higher crime *unless* the facts before the court show the accused committed the higher crime or the defendant admits it—even if the prosecutor originally charged the higher crime and reduced the charge. The controlling consideration is whether the accused in fact committed the higher crime, not whether the prosecutor originally charged it. The original charge of the higher crime may or may not have been true, and the accused does not admit the higher charge by pleading guilty to the lower charge.

■ III. We are troubled in the present case because the Magistrate appears to have thought he was not justified in granting probation or deferred sentence in view of the higher original charge and reduction thereof, as distinguished from the facts relating to the offense defendant actually committed: "It is the opinion of the Court that a reduction of the charge from a class C felony to an aggravated misdemeanor does not justify the Court's allowance of probation or deferred sentence." We thus return the case to district court for resentencing, not on the basis of the original charge and the reduction, but on the basis of the facts which are brought out before the Magistrate relating to the crime—and, of course, the other pertinent data relating to the accused. We do not suggest what the sentence should be.

REVERSED AND REMANDED FOR RESENTENCING.

All Justices concur except HARRIS, REES, ALLBEE and LARSON, JJ., who dissent.

HARRIS, Justice (dissenting).

The trial court is reversed, not for any error or abuse of discretion, but simply for alluding to the fact that defendant had originally been charged with a greater offense. There were ample grounds to support the sentence. Explaining the basis for the sentence the trial court described defendant's extensive criminal record as follows:

". . . The defendant's criminal history showed numerous arrests which were alcoholic related. Also on March 28, 1976, there is shown a charge of petty larceny and that the judgment was satisfied by defendant's serving of a sentence. On May 21, 1977, a second charge of petty larceny was lodged against the defendant; however the records show the case to be still pending. . . ."

The trial court gave a second reason for denying probation: the defendant had a problem with alcoholism and, the trial court felt, a state institution could accord defendant services needed for his alcoholism.

Certainly there can be no claim that the defendant was in any way misled as to the court's intentions. Before accepting his plea the trial court explained to the defendant:

"THE COURT: Okay, and that's one thing I want you to fully understand, that this is a reduced charge, the Court is free to sentence you as the Court sees appropriate. You can make arguments to the Court, you can ask the Court for certain things but it's the Court's decision on sentencing completely. Do you understand that?

"THE DEFENDANT: Yes, sir."

It is clear that the trial court was right on the facts. The defendant was originally charged as the trial court indicated. The question is not, as the majority suggests, whether the defendant was shown to have committed the higher crime. The question is whether the sentencing court should be reversed for commenting on the fact that the charge was made.

I. In *State v. Delano*, 161 N.W.2d 66, 74 (Iowa 1968) we stated our standard for review: "A judgment in a criminal case will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." See also *State v. Moreland*, 252 N.W.2d 465 (Iowa 1977); *State v. Peckenschneider*, 236 N.W.2d 344 (Iowa 1975). This standard was left unchanged in the recent criminal code revision. See § 814.20, The Code, Supp., 1977.

Under rule 22(3)(d), R.Cr.P., a sentencing court is now required, as was done in the present case, to give its reasons for the imposition of sentence. But the requirement was added to aid us in conducting the same review described in *Delano*. See Note, Judgment and Sentencing Procedures, 60 Iowa L.Rev. 598, 608–609 (February 1975).

II. Defendant contends the trial court abused its discretion and denied him due process under the Fourteenth Amendment of the United States Constitution when it considered the fact he was initially charged with second-degree burglary. The majority seems to agree. But the authorities hold otherwise.

In *State v. Kendall*, 167 N.W.2d 909, 911 (Iowa 1969) we quoted earlier authorities which described the duty of a trial court in imposing sentences:

"It was the duty of the trial court to ascertain any and all facts that would assist in the proper exercise of its discretion in fixing defendant's sentence, whether in or out of the record. [Authorities.]

"The trial court and we on review should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual. [Authority.]"

Where, as here, probation is requested and denied we have said: " 'From these pronouncements it is clear that a trial court has a duty to hear an application for parole but has wide discretion in what must be considered in granting or denying the application. [Authority.]' " *Peckenschneider*, supra, 236 N.W.2d at 347. For a discussion of the reasons underlying the broad discretion accorded a trial court in passing sentences, see *State v. Cole*, 168 N.W.2d 37, 40–41 (Iowa 1969); *Williams v. New York*, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337, 1342 (1949).

The federal courts have generally held that a sentencing judge may consider criminal activities for which no charge was filed. See *Collins v. Buchkoe*, 493 F.2d 343 (6 Cir. 1974); *U. S. v. Weston*, 448 F.2d 626 (9 Cir. 1971), cert. den. 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972); *U. S. v. Onesti*, 411 F.2d 783 (7 Cir. 1969); *U. S. v. Cifarelli*, 401 F.2d 512 (2 .Cir. 1968), cert. den. 393 U.S. 987, 89 S.Ct. 465, 21 L.Ed.2d 448 (1969); *Humes v. U. S.*, 186 F.2d 875 (10 Cir. 1951). State courts have agreed. *Anderson v. People*, 139 Colo. 46, 337 P.2d 10 (1959); *State v. Burton*, 52 Ohio St.2d 21, 368 N.E.2d 297 (1977); *State v. Blight*, 89 Wash.2d 38, 569 P.2d 1129 (1977). Federal cases generally hold that a sentencing court may consider criminal charges which have not been prosecuted to judgment. See *Horowitz v. Henderson*, 514 F.2d 740 (5 Cir. 1975); *Houle v. U. S.*, 493 F.2d 915 (5 Cir. 1974); *U. S. v. Metz*, 470 F.2d 1140 (3 Cir. 1972), cert. den. *Davenport v. U. S.*, 411 U.S. 919, 93 S.Ct. 1558, 30 L.Ed.2d 311 (1972); *U. S. ex rel. Long v. Pate*, 418 F.2d 1028 (7 Cir. 1969), cert. den. 398 U.S. 952, 90 S.Ct. 1877, 26

L.Ed.2d 294 (1970); *Jones v. U. S.*, 113 U.S.App.D.C. 233, 307 F.2d 190 (D.C. Cir. 1962), cert. den. 372 U.S. 919, 83 S.Ct. 733, 9 L.Ed.2d 724 (1963). Some authorities have even held that a sentencing court may consider charges for which a defendant has been acquitted. *U. S. v. Swieg*, 454 F.2d 181 (2 Cir. 1972); *State v. Rose*, 183 Neb. 809, 164 N.W.2d 646 (1969).

Other courts have held it is permissible for the sentencing court to consider charges which have been reduced in return for a guilty plea or dismissed in exchange for a guilty plea on other charges. *U. S. v. Majors*, 490 F.2d 1321, 1324 (10 Cir. 1974); *U. S. v. Doyle*, 348 F.2d 715 (2 Cir. 1965).

The case of *U. S. v. Marines*, 535 F.2d 552 (10 Cir. 1976) presented the identical question involved here. A felony charge was dismissed in exchange for a guilty plea on a substituted misdemeanor charge. The sentencing court considered the fact that defendant had been originally charged with a felony and then imposed the maximum sentence for the misdemeanor. This was held to be permissible. In accord see *Austin v. U. S.*, 408 F.2d 808 (9 Cir. 1969); *State v. Hanley*, 108 Ariz. 144, 493 P.2d 1201 (1972); *Micelli v. LeFevre*, 444 F.Supp. 1187 (D.C.N. Y.1978).

Consideration of such information does have limitations. In *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), a sentence was overturned because materially untrue information was considered. In *U. S. v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), a sentencing procedure was held improper because convictions obtained in violation of the defendant's constitutional right to counsel were considered. A defendant should have the opportunity to comment on the truth of any such information if explicitly relied on by the trial court. *U. S. v. Read*, 534 F.2d 858 (9 Cir. 1976); *Post v. U. S.*, 500 F.2d 582 (8 Cir. 1974); *U. S. v. Rosner*, 485 F.2d 1213 (2 Cir. 1973); *U. S. v. Espinoza*, 481 F.2d 553 (5 Cir. 1973). Defendant in the present case does not deny the facts surrounding the earlier charge. Neither does he deny the fact that the greater charge was reduced.

The majority embarks, without authority, on a new venture in proscribing certain inappropriate remarks by the sentencing judge. The venture is addressed to nothing but pure form.

I would affirm.

REES, ALLBEE and LARSON, JJ., join in this dissent.