# IN THE COURT OF APPEALS OF IOWA

No. 14-0380
Filed December 24, 2014

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**ANTHONY EARL HOPKINS,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Cerro Gordo County, Annette L. Boehlje, District Associate Judge.

　　　　Defendant appeals the sentence imposed for his conviction for attempted burglary, third degree. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

　　　　Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, and Carlyle Dalen, County Attorney, for appellee.

　　　　Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DANILSON, C.J.**

Anthony Hopkins appeals the sentences imposed for his conviction for attempted burglary, third degree, in violation of Iowa Code sections 713.2 and 713.6B(A) (2011). On appeal, Hopkins maintains the district court relied on improper factors in imposing his sentence, namely unproven claims. He asks that we remand for resentencing. Because we find the district court did consider an impermissible factor, we vacate the sentence and remand for resentencing.

**I. Background Facts and Proceedings.**

On June 1, 2012, Hopkins was charged by trial information with burglary in the first degree and harassment in the first degree.

On March 1, 2013, Hopkins and the State entered into a plea deal, in which Hopkins would offer an *Alford* plea[1] for the amended charge of attempted burglary in the third degree. The State then dismissed the charge of harassment in the first degree.

On March 18, 2013, the district court sentenced Hopkins to 180 days in county jail. Hopkins filed a notice of appeal on March 19, 2013.

In the unpublished opinion, *State v. Hopkins*, No. 13-0454, 2013 WL 6700300, at *2 (Iowa Ct. App. Dec. 18, 2013), we found the district court relied on an improper sentencing factor and vacated Hopkins sentence.

Hopkins was re-sentenced on March 5, 2014. The court stated, in part:

> The second thing is that the Court has to be concerned about your rehabilitation, the protection of the community, and that the sentence deters others from doing the same thing.
> My concern with this offense is a couple of things. Number 1, this involves according to the Minutes of Testimony,

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

which I believe pursuant to your plea you allowed the Court to look at, involves an allegation that you essentially broke into someone's house and were going to assault them. And I'm aware that this is an Attempted Burglary, but my concern is that really is a serious crime in the sense that most people feel safe in their home. It should be the one place that you can go and lock out the world and not have to be afraid; but in this case, you're attempting to enter someone's home, that is going to cause people anxiety and concern and fear in the place that they really should feel the safest in this world and that is their home. So that's the first thing that I'm concerned about.

I'm also a little bit concerned about your statement that you don't have any prior record because what I have in front of me even if I don't talk about the other states, and I'm not going to talk about them because I'll give you—it's difficult to determine what's a conviction and what's not on another state's criminal history. But what I'm looking at shows that you have an Iowa criminal history that involves prior charges, including some possession charges. I believe there's some consumption charges, a Driving While Barred offense, Theft offense, Criminal Mischief; so it's not that you're coming in here with a squeaky clean record, that you've never been in trouble with the Court before. This isn't your first rodeo is the way that they put it sometimes. And so it concerns me a little bit that you're downplaying your prior criminal record, along with entering an Alford plea and taking no responsibility for what happened in this case.

And I specifically referred to the *State v. Knight* case that says an Alford plea is a guilty plea and that your lack of remorse which you've not shown to me today in any of your statements, didn't apparently show any of that in the prior plea proceedings, is a bit concerning. Again, given that this is an allegation of a crime that occurred in someone's house. And more specifically than that, occurred in the house of I believe a relative of yours. Again, the place that they should feel the most safe from the world is being violated.

The court then sentenced Hopkins to an indeterminate term of incarceration not to exceed two years. Hopkins appeals.

## II. Standard of Review.

Our review is for correction of errors at law. *State v. Thomas,* 547 N.W.2d 223, 225 (Iowa 1996). The decision to impose a sentence within statutory limits is "cloaked with a strong presumption in its favor." *State v. Formaro,* 638 N.W.2d

720, 724 (Iowa 2002). The sentence will not be upset on appeal "unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure." *State v. Grandberry,* 619 N .W.2d 399, 401 (Iowa 2000). The consideration by the trial court of impermissible factors constitutes a defect in the sentencing procedure. *Id.* If a court considers unprosecuted and unproven charges, we remand for resentencing. *Formaro,* 638 N.W.2d at 725.

**III. Discussion.**

Hopkins claims the sentencing court erred by considering unproven claims when determining the appropriate sentence. In making his assertion, Hopkins relies on the court's reference that he "essentially broke into someone's house," and the two statements that the crime occurred "in" the house.

Sentencing courts may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the defendant committed the offense or (2) the defendant admits it. *State v. Jose,* 636 N.W.2d 38, 41 (Iowa 2001). In somewhat different phraseology, our supreme court has stated, "It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *Formaro,* 638 N.W.2d at 725.

We conclude the court's explanation reveals it considered an unproven crime allegedly committed by Hopkins. Essentially, the district court considered the facts listed in the minutes of testimony that supported the unprosecuted greater charge of first-degree burglary rather than the actual charge of attempted

burglary in the third degree.[2]  While the court referenced an attempt to enter someone's home during the colloquy, the court also stated Hopkins "essentially broke in" and twice characterized the situation as a crime that occurred "in" someone's house.  The court did so without any admission from Hopkins that he entered another's home.  "Where portions of the minutes are not necessary to establish a factual basis for the plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them."  *State v. Gonzales*, 582 N.W.2d 515, 517 (Iowa 1998).

When a sentence is challenged on the basis of improperly considered, unproven criminal activity, "the issue presented is simply one of the sufficiency of the record to establish the matters relied on. There is no general prohibition against considering other criminal activities by a defendant as factors that bear on the sentence to be imposed."  *State v. Longo,* 608 N.W.2d 471, 474 (Iowa 2000); *see also State v. Thompson*, 275 N.W.2d 370, 372 (Iowa 1979) ("A sentencing court may, within statutory limits, impose a severe sentence for a lower crime on the ground that the accused actually committed a higher crime on the occasion involved if the facts before the court show the accused committed the higher crime or if the defendant admits it . . .").  However, if a court uses any improper consideration in determining a sentence, resentencing is required.  *Grandberry,* 619 N.W.2d at 401.  This is true even if the improper factors are a "secondary consideration."  *Id.*  We are not free to "speculate about the weight

---

[2] Whereas burglary requires the defendant "enters an occupied structure" while "having the intent to commit a felony, assault, or theft therein," attempted burglary requires that the defendant "attempts to enter an occupied structure" while "having the intent to commit a felony, assault, or theft therein."  *See* Iowa Code §§ 713.1, 713.2.

the trial court mentally assigned to [the improper factors]." *State v. Messer,* 306 N.W.2d 731, 733 (Iowa 1981). Here, Hopkins never admitted the greater offense of burglary nor the facts supporting that offense, and the district court erred in considering those allegations. Accordingly, Hopkins' sentence is vacated, and we remand for resentencing.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**