# IN THE COURT OF APPEALS OF IOWA

No. 14-2047
Filed January 13, 2016

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**RODERICK JOVAN WALLS,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Cheryl Traum, District Associate Judge.

Roderick Walls appeals his convictions for failure to comply with the sex offender registry. **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kelli Huser Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Roderick Walls appeals his convictions for two counts of failure to comply with the sex offender registry, claiming his trial counsel was ineffective and the district court erred in sentencing. We find Wall's has failed to prove his trial counsel was ineffective. However, we vacate Wall's sentence and remand to the district court for further proceedings.

On August 15, 2014, Walls was charged with one count of failure to comply with the sex offender registry by failing to properly register, in violation of Iowa Code sections 692A.104 and 692A.111 (2013). Walls pleaded not guilty, demanded a speedy trial, and waived his right to a jury trial. On October 20, the State filed a motion to amend the trial information and added an additional count of failure to comply with the sex offender registry, which occurred on the same date as count one, by allegedly providing false information. The district court approved the amendment.

A bench trial was held on October 24. The court found Walls guilty of both counts of failure to comply with the sex offender registry. On November 21, the court sentenced Walls to concurrent suspended two-year terms, probation, and $1250 in fines. Walls now appeals from his conviction and sentence.

On appeal, Walls claims his trial counsel was ineffective for failing to object to the State's amendment to the trial information, and the district court erred by referencing a nonexistent plea agreement as one of the reasons for its sentence.

We review ineffective-assistance-of-counsel claims de novo. *State v. Horness*, 600 N.W.2d 294, 297 (Iowa 1999). "Although claims of ineffective-assistance-of-counsel are generally preserved for postconviction-relief proceedings, we will consider such claims on direct appeal where the record is adequate." *Id.* Upon our review of the record, we find it adequate to address Walls's ineffective-assistance-of-counsel claims. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). An ineffective-assistance-of-counsel claim requires a demonstration of both ineffective assistance and prejudice. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The ineffective-assistance prong requires proof the attorney performed below the standard demonstrated by a reasonably competent attorney as compared against prevailing professional norms. *Id.* The prejudice prong requires proof that, but for the ineffective assistance, "the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694). The applicant must "show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* (citing *Strickland*, 466 U.S. at 693). Walls must prove both the "essential duty" and "prejudice" elements by a preponderance of the evidence. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

The State admits the amendment to the trial information was improper, pursuant to Iowa Rule of Criminal Procedure 2.4(8),[1] but claims Walls is unable

---

[1] Rule 2.4(8) provides:
The court may, on motion of the state, either before or during the trial, order the indictment amended so as to correct errors or omissions in

to show his trial attorney breached an essential duty or caused prejudice as the result of the proceeding would not have been different. We agree. If Walls's counsel had objected to the amendment and the amendment had been disallowed by the court, the State had ample time to file a new trial information adding count two. Walls cannot show "a reasonable likelihood the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. We find Walls's trial counsel was not ineffective.

Walls also claims he should be re-sentenced because the district court listed "[t]he plea agreement of the parties" (which does not exist in the record) as a reason for Walls's sentence and did not adequately list other reasons for the sentence imposed.

We review a sentence imposed in a criminal case for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). When the court imposes a sentence, it is required to "state on the record its reason for selecting the particular sentence." Iowa R. Civ. P. 2.23. In *State v. Thacker*, our supreme court evaluated how a court may properly "state on the record its reasons for selecting the particular sentence." 862 N.W.2d 402, 407–08 (Iowa 2015).

> While the rule requires a statement of reasons on the record, a "terse and succinct" statement may be sufficient, "so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion." *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989). A terse and succinct statement is sufficient, however, only when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court. *See, e.g.*, *State v. Victor*, 310 N.W.2d 201,

matters of form or substance. Amendment is not allowed if substantial rights of the defendant are prejudiced by the amendment, or if a wholly new and different offense is charged.

205 (Iowa 1981) (noting it was "clear from the trial court's statement *exactly* what motivated and prompted the sentence" (emphasis added)). When the reasons for a particular sentence have not been stated on the record, however, we have vacated the sentence and remanded the case to the district court for resentencing. *See, e.g.*, *State v. McKeever*, 276 N.W.2d 385, 388–90 (Iowa 1979); *State v. Thompson*, 275 N.W.2d 370, 372 (Iowa 1979).

> We have rejected a boilerplate-language approach that does not show why a particular sentence was imposed in a particular case. In [*State v.*] *Lumadue*, 622 N.W.2d [302,] 304 [(Iowa 2001)], we considered boilerplate language in a written order that provided, "The court has determined that this sentence will provide reasonable protection of the public. Probation is denied because it is unwarranted." We concluded such language, standing alone, did not satisfy the requirement that the district court make an on-the-record statement of reasons for imposing a particular sentence. *Id.* at 304–05.

*Id.* at 408.

Here, the district court listed the following reasons for Walls's sentence: "The Plea Agreement of the parties;" "The nature and circumstances of the crime;" "Protection of the public from further offenses;" "Defendant's criminal history, or lack thereof." Upon our review, we are unable to determine whether the court exercised its discretion by listing a nonexistent plea agreement as a reason for its sentence and also the court's reliance on "boilerplate-language." We vacate Walls's sentence and remand for resentencing so the district can satisfy the requirements of Iowa Rule of Criminal Procedure 2.23(3)(d) by "stat[ing] on the record its reason for selecting the particular sentence."

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED.**