# IN THE COURT OF APPEALS OF IOWA

No. 22-0354
Filed December 21, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALEXANDER JOSEPH CARMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter (Written Guilty Pleas) and Monica Zrinyi Ackley (Sentencing), Judges.

        A defendant appeals the sentences imposed by the district court after his guilty pleas entered pursuant to a plea agreement. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.

        Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Alexander Carman appeals the sentences imposed by the district court following his guilty pleas entered pursuant to a plea agreement. Carman contends the court considered an improper sentencing factor. Because we find no abuse of discretion by the district court, we affirm the sentences.

## I. Background Facts and Proceedings.

Between April and May of 2021, the State initiated two cases against Carman stemming from incidents on March 1 and March 12. The parties reached a combined plea agreement whereby Carman pled guilty to (1) intimidation with a dangerous weapon (threats only), in violation of Iowa Code section 708.6(2) (2021); (2) going armed with intent, in violation of Iowa Code section 708.8 (without the section 902.7 sentencing enhancement for use of a dangerous weapon); and (3) theft in the fourth degree, in violation of Iowa Code section 714.2(4). The plea agreement left the parties free to argue for different sentencing orders. During the sentencing hearing, the State requested incarceration, while Carman sought a suspended sentence or deferred judgment.

Ultimately, the district court sentenced Carman to indeterminate five-year sentences on the first two convictions, to be served concurrently with one another, and declined to suspend the sentences of incarceration. The court also imposed but suspended the minimum $1025 fine and fifteen percent surcharge on both counts. As for the theft conviction, the court imposed 180 days of jail incarceration, with credit for time served, and directed that such term run concurrently with the sentences for the first two crimes. The court imposed but suspended the $625 fine

and surcharge. As to all matters, the court found Carman not reasonably able to pay Category B Restitution. Carman timely appealed.

## II. Review.

While the right of appeal is limited for convictions reached pursuant to a plea agreement, there is good cause for appeal when the challenge, as here, is to the sentence rather than the guilty plea. *See* Iowa Code § 814.6(1)(a)(3); *State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021). We review the sentencing order in a criminal case for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). An abuse of discretion occurs when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018).

## III. Discussion.

Carman alleges the district court abused its discretion when sentencing him by relying on an unadmitted and unproven allegation that Carman discharged a weapon. Before the plea agreement, Carman faced additional and enhanced charges for allegedly firing a gun at an occupied house. However, "[a] court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). This is true "even if the prosecutor originally charged the higher crime and reduced the charge." *State v. Thompson*, 275 N.W.2d 370, 372 (Iowa 1979). Here, Carman

pled guilty only to threatening to discharge the weapon. Yet, the district court specifically referenced during the sentencing hearing that Carman discharged a weapon:

> This isn't the Wild West. You don't get to make the decision about how, when, or why you use a weapon in the community where that's not permissible. . . . You will be put on a payment plan for any restitution that is owed for property damage done to the residence at which you shot.

The factual basis admissions contained in Carman's written guilty plea did not extend to any actual discharge of the weapon. However, the court's purview does not stop there. It may consider factual admissions made in connection with the presentence investigation (PSI). *See State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998) (The "district court is free to consider portions of a [PSI] report that are not challenged by the defendant.").

The PSI report states that when asked what happened to cause his arrest, Carman wrote: "I discharged a weapon at a house." Carman's counsel did not offer any material corrections to the PSI:

> Your Honor, first off, my client tells me that he did review the PSI, and it's my understanding that the Pre-Sentence Investigation, with regard to its factual allegations and what it—what it—not the factual allegations regarding the incident, but with regard to my client's history and such, all of that, is factually correct, and we don't have corrections.

It is not clear whether counsel's reference to "factual allegations regarding the incident" refers to Carman's admission or the official complaint contained in the PSI report, which details the resident's statement that Carman shot at her house and law enforcement's recovery of spent shell casings and rounds. In any event, counsel did not object to the use of Carman's admission in the PSI report, so the

district court was permitted to consider it. *See Gordon*, 921 N.W.2d at 25 (Because the defendant "failed to object to any of the information contained within the PSI regarding his arrest, the district court did not abuse its discretion in relying on the unprosecuted charge or surrounding circumstances."); *Gonzalez*, 582 N.W.2d at 517 ("The defendant did not object to that portion of the PSI report which included his admission that he had assisted in the sale of cocaine on East 6th Street and the sentencing court was free to consider it.").

Because Carman has not established the district court relied on inappropriate sentencing factors or unproven offenses, we cannot say the district court abused its discretion. Accordingly, we affirm Carman's sentences.

**AFFIRMED.**