# IN THE COURT OF APPEALS OF IOWA

No. 23-1156
Filed May 8, 2024

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**LOUIS LEE CUBBAGE JR.,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Jackson County, Meghan Corbin, Judge.

 A defendant appeals his sentence for willful injury causing bodily injury. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

 Stuart Hoover, East Dubuque, Illinois, for appellant.

 Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

 Considered by Tabor, P.J., and Badding and Buller, JJ.

**BADDING, Judge.**

Louis Cubbage appeals the prison sentence imposed following his written guilty plea to a reduced charge of willful injury causing bodily injury. He claims the district court relied on an improper sentencing factor when it stated the reason for the sentence was that he "almost killed" the victim. We agree and remand for resentencing.

## I. Background Facts and Proceedings

Cubbage was charged with willful injury causing serious injury, a class "C" felony in violation of Iowa Code section 708.4(1) (2022), after he hit Sean Haylock in the head with a metal pipe, using what witnesses in the minutes of testimony described as a "full force 'baseball swing.'" The minutes of testimony stated that Haylock was taken to a nearby hospital, where he was placed in the intensive care unit and treated for a "laceration and swelling to his temple, numerous fractures on his skull around the left orbital eye socket and bleeding on the brain."[1] In a victim impact statement written a few months after the incident, Haylock stated that he was still suffering from headaches, having trouble seeing, and unable to work.

Pursuant to a plea agreement with the State,[2] Cubbage entered a written guilty plea to the lesser offense of willful injury causing bodily injury, a class "D" felony in violation of Iowa Code section 708.4(2). In his plea, Cubbage admitted:

---

[1] There were no medical records attached to the minutes but instead summaries of the treating physicians' expected testimony.

[2] The plea agreement included an unrelated charge for driving while barred that Cubbage picked up after the willful-injury charge. Cubbage was sentenced on both charges at the same hearing. He separately appealed his sentence for driving while barred, which we address in a companion case also decided today. *See State v. Cubbage*, No. 23-1181, 2024 WL _____ (Iowa Ct. App. May 8, 2024).

"On July 19, 2022 in Jackson County, Iowa, I hit another individual with a pipe with the inten[t] to cause serious injury." He also "accept[ed] the minutes of testimony as substantially true as to the elements" of that charge. The district court accepted his plea, ordered a presentence investigation report, and set a sentencing hearing.

At the hearing, the court opened the record by noting the "defendant pled guilty to Willful Injury with Serious Injury, which is a class D Felony." When asked for its recommendation, the State pushed for prison, noting:

> Although Mr. Cubbage's criminal history is relatively light, the nature of this case was quite serious. The victim in this case, Mr. Haylock, suffered significant serious injury requiring an airlift down to Iowa City and required a long period of treatment and recovery. He will never be the same as stated in his Victim Impact Statement and all for very, very little provocation.

Defense counsel acknowledged "the allegations here are extremely serious," but highlighted several mitigating factors to support a request for probation, including Cubbage's poor health and substance-use issues.[3] Cubbage then addressed the court, admitting: "On July 19th, 2022, I hit Mr. Haylock with a pipe. I was under the influence and was not thinking straight. I realize I should have handled it a lot better in a different way. I apologize for his injuries."

After hearing from Cubbage, the court pronounced its sentence:

> Pursuant to your plea of guilty to Willful Injury Causing Serious Injury, in violation of Iowa Code Section 708.4(2) . . . it is the judgment and sentence of this Court that you shall be committed to the custody of the Iowa Department of Corrections for a period not to exceed five years and shall pay a fine of $1,025.

The court continued:

---

[3] In the presentence investigation report, Cubbage admitted using marijuana and methamphetamine for the past three years.

> The reasons for this sentence, Mr. Cubbage, is that you almost killed him. I get that this was a situation that was obviously volatile on both sides, but you have now altered this man and his family's life forever, and the fact that you would have a lapse in judgment like that based on substance abuse leads me to believe that there needs to be an aggressive approach to your substance abuse problems, and I'm hoping that you can get the help that you need within the prison system.

In its written judgment entry, the court stated that Cubbage had appeared for sentencing on his "plea of guilty to Willful Injury Causing Serious Injury, Class D Felony, in violation of Iowa Code Section 708.4(1)" and imposed the sentence pronounced at the hearing.

On appeal,[4] Cubbage claims that the district court abused its discretion by relying on an improper sentencing factor. He argues the "court was presented with an insufficiency of evidence in order to draw the conclusion that the victim (Mr. Haylock) was nearly killed as a result of the single strike upon the victim." Cubbage contends the court's "reliance upon unproven medical conclusions suggests a reliance upon 'higher charges in imposing sentence.'" (Citation omitted.)

## II.     Standard of Review

Our review of a sentence imposed in a criminal case is for correction of errors at law. *Damme*, 944 N.W.2d at 103. Sentencing decisions that fall within the statutory limits are cloaked with a strong presumption in their favor. *State v. McCalley*, 972 N.W.2d 672, 676 (Iowa 2022). "Absent 'an abuse of discretion or some defect in the sentencing procedure,' we will not reverse a sentence." *Id.* (citations omitted). The use of an improper sentencing factor, even if it was a

---

[4] Though Cubbage did not address the issue in his appellate brief, the State concedes that he has good cause to appeal this non-mandatory, contested sentence. *See State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020).

secondary consideration, is an abuse of discretion that requires resentencing. *State v. Fetner*, 959 N.W.2d 129, 134 (Iowa 2021).

### III.    Analysis

Sentencing judges are afforded "a significant amount of latitude because of the 'discretionary nature of judging and the source of the respect afforded by the appellate process.'" *Id.* (citation omitted).  In exercising this discretion, relevant factors include, among other things, the nature of the offense and its attending circumstances.  *See State v. Hopkins*, 860 N.W.2d 550, 554–55 (Iowa 2015); *see also* Iowa Code § 907.5(1); *State v. Begle*, No. 19-1119, 2020 WL 2986130, at *3 (Iowa Ct. App. June 3, 2020) ("Considering the nature of the offense, including the harm the defendant causes to the victim, is pertinent information at sentencing."). But the court cannot "consider unproven or unprosecuted offenses in fashioning a defendant's sentence unless the defendant admits them or facts are presented to prove them."  *Fetner*, 959 N.W.2d at 135.  "[W]hen a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the issue presented is simply one of the sufficiency of the record to establish the matters relied on."  *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000).  Here, that issue is complicated by the court's citations to the wrong crime.

As discussed above, Cubbage was originally charged with willful injury causing *serious* injury,[5] a class "C" felony in violation of Iowa Code

---

[5] "'Serious injury' is a term of art in Iowa criminal law." *State v. Carter*, No. 13-0484, 2014 WL 69755, at *2 (Iowa Ct. App. Jan. 9, 2014).  Iowa Code section 702.18 defines it as either a "disabling mental illness" or "bodily injury which does any of the following: (1) Creates a substantial risk of death[;] (2) Causes serious

section 708.4(1). But he pled guilty to willful injury causing *bodily* injury, a class "D" felony in violation of section 708.4(2). Although the district court applied the punishment set out in our criminal code for a class "D" felony, it stated at the sentencing hearing and in its written judgment entry that Cubbage was being sentenced for willful injury causing serious injury. The court's repeated references to willful injury causing serious injury, coupled with its statement that Cubbage "almost killed" Haylock, suggests that, in sentencing Cubbage to prison, the court may have considered that he had originally been charged with the higher-level crime. That is impermissible under *State v. Thompson*, 275 N.W.2d 370, 372 (Iowa 1979), which held that a

> sentencing court may not . . . impose a severe sentence for a lower crime on the ground that the accused actually committed a higher crime unless the facts before the court show the accused committed the higher crime or the defendant admits it even if the prosecutor originally charged the higher crime and reduced the charge.

We considered a similar sentencing issue in *Carter*, where the defendant was also originally charged with willful injury causing serious injury but pled guilty to willful injury causing bodily injury. 2014 WL 69755, at *2. In that case, the district court "stated three times that Carter 'seriously injured' the victim" when sentencing him for willful injury causing bodily injury. *Id.* Even though the minutes of testimony in that case noted the victim "was left with a scar on his lip," we did not infer that the scar amounted to serious permanent disfigurement under the definition of a serious injury. *Id.* at *3. Instead, we found the court impermissibly

---

permanent disfigurement[; or] (3) Causes protracted loss or impairment of the function of any bodily member or organ."

considered the unproven offense of willful injury causing serious injury in sentencing the defendant. *Id.* We reach the same conclusion here.

In doing so, we recognize, as we did in *Carter*, that "[t]here is no general prohibition against considering other criminal activities by a defendant as factors that bear on the sentence to be imposed." *See Longo*, 608 N.W.2d at 474 (allowing judge to consider defendant's criminal activity presented to him in sworn testimony at sentencing hearing). But Cubbage did not admit to causing Haylock serious injury, and the district court "did not make any finding that facts existed to substantiate the higher charge" it stated that Cubbage was being sentenced for. *Carter*, 2014 WL 69755, at *3; *accord State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981).

For these reasons, we vacate the sentence imposed and remand to the district court for resentencing in front of a different judge on willful injury causing bodily injury, in violation of Iowa Code section 708.4(2).

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**