NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

EVERETT RANDEL KNAPP, *Petitioner*.

No. 1 CA-CR 18-0645 PRPC
FILED 1-31-2019

Petition for Review from the Superior Court in Mohave County
No. S8015CR201100920
The Honorable Derek C. Carlisle, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Carr Law Office PLLC, Kingman
By Sandra Carr
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Randall M. Howe and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

¶1        Everett Knapp petitions this court for review from the dismissal of his petition for post-conviction relief.[1] We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        Knapp was charged with two counts of sexual conduct with a minor. Regarding the first count, a victim's relative stated she saw Knapp inappropriately touching the victim. The victim confirmed this occurred. Concerning the second count, the victim stated Knapp inappropriately touched her after she exited the shower. Before trial, Knapp moved to obtain specific discovery items to support his defense. The court denied his motion. Pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), Knapp pled guilty to two counts of attempted child molestation.

¶3        In his petition for post-conviction relief, Knapp presented Child Protective Services ("CPS") reports claiming the victim's relatives had been sexually and physically abusing the victim during the period when Knapp was arrested. The superior court granted an evidentiary hearing on Knapp's petition. After hearing the evidence, the court denied relief.

¶4        We will not disturb a superior court's ruling on a petition for post-conviction relief unless the court abused its discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). The petitioner has the burden to show the court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

---

[1]        Knapp also requests relief based on Arizona Rule of Criminal Procedure 17.5, which permits the withdrawal from a guilty plea based on manifest injustice. Because he has already been sentenced, this is not a viable ground for relief. *State v. Hanley*, 108 Ariz. 144, 146 (1972).

**¶5** To obtain relief based on newly-discovered evidence, the petitioner must establish "newly discovered material facts probably exist and those facts probably would have changed the verdict or sentence." Ariz. R. Crim. P. 32.1(e). Here, Knapp claims that if he had known of the CPS reports he would not have entered the *Alford* plea. The superior court did not abuse its discretion by rejecting Knapp's claim.

**¶6** The superior court found there was not a reasonable probability that the CPS report would have changed the outcome of the case. Knapp's defense attempted to characterize the victim as "a very troubled, attention seeking (sic) pre-teen who had been sexualized by another." The CPS reports mostly disprove this theory. While the reports contain claims that the victim's relatives had sexual contact with her, a subsequent CPS investigation found all claims to be unsubstantiated. The victim denied that her relatives had ever sexually or physically abused her. Moreover, even if Knapp's defense theory was true, it does not disprove his sexual conduct with the victim. The court did not abuse its discretion by denying the petition for post-conviction relief.

**¶7** We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

3